IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Kwame Lilly,                              )
                                          )
        Petitioner,                       )    Case No. 8:10-875-RBH-JDA
                                          )
        v.                                )    **REPORT AND RECOMMENDATION**
                                          )    **OF MAGISTRATE JUDGE**
AJ Padula, Warden,                        )
                                          )
        Respondent.                       )
_____   )

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 27.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States
Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section
636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to
review post-trial petitions for relief and submit findings and recommendations to the District
Court.

Petitioner filed this Petition for writ of habeas corpus on April 9, 2010. [Doc. 1.] On
October 18, 2010, Respondent filed a motion for summary judgment and a return and
memorandum. [Docs. 27, 28.] On November 24, 2010, Petitioner filed a response in
opposition to Respondent's motion for summary judgment. [Doc. 32.] Having carefully
considered the parties' submissions and the record in this case, the Court recommends
that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the Lee Correctional Institution of the South
Carolina Department of Corrections pursuant to orders of commitment from the Clerk of
Court for Marlboro County. Petitioner was indicted at the December 2004 term of court for

murder. [App. 123–24.] He was represented by Douglas Jennings on the charges. [App. 1.] On October 10, 2005, Petitioner pled guilty to the lesser included offense of voluntary manslaughter. [App. 1–31.] Petitioner was sentenced to twenty-four years imprisonment.[1] [App. 29–30, 121–22.]

**PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR"), 2006-CP-34-0417, on September 18, 2006 ("First PCR") [App. 32–40], alleging as his ground for relief "[i]neffective assistance of counsel because my guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel" [App. 35], which the First PCR court construed as raising claims of ineffective assistance of counsel and involuntary guilty plea [App. 87]. As supporting facts, Petitioner argued that counsel "failed to fully investigate all facts and circumstances surrounding my case in that counsel failed to produce my witnesses." [App. 35.] Petitioner further alleged the following facts:

1.  Ineffective assistance of counsel for failing to raise the fact that alibi witnesses were willing to testify that I did not intentionally cause the victim's death.

2.  My guilty plea was illegal because the trial court failed to grant a continuance on my behalf when appointed counsel requested the wrong.

3.  Ineffective assistance because I did not knowingly and voluntarily plead guilty, because I did not have a full understanding of the consequences of the plea.

---

[1]The sentencing judge also handled a probation violation issue, revoking previously-ordered suspended sentences and requiring Petitioner to serve 18 months of the remainder of those sentences concurrent with the 24-year sentence for voluntary manslaughter. [App. 115, 118.]

2

4.      If it was not for the wrong advice of my lawyer I would not have entered a guilty plea.  I would have went to a jury tri[a]l.

[App. 34 (internal citations omitted).]

The State made a return to Petitioner's First PCR application on January 8, 2007. [App. 41–46.]  An evidentiary hearing was held on May 14, 2007.  [App. 47–85.]  At the evidentiary hearing, Petitioner was represented by Charles T. Brooks, and the PCR court heard testimony from Petitioner and plea counsel, Jennings.  [*Id.*]  On May 28, 2007, the First PCR court denied and dismissed Petitioner's First PCR application.  [App. 86–91.] Petitioner failed to timely appeal his First PCR application.

Petitioner, through First PCR counsel, filed a second PCR application, 2008-CP-34-0089, on March 11, 2008 ("Second PCR") [App. 92–97], alleging as his ground for relief "[i]neffective assistance of counsel because my guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel" [App. 94].  As supporting facts, Petitioner argued that counsel "failed to fully investigate all facts and circumstances surrounding my case in that counsel failed to produce my witnesses."  [*Id.*]  In his Second PCR, Petitioner sought "Austin Review: Belated PCR Appeal."  [App. 96.]  The State made a return to Petitioner's Second PCR application on April 8, 2008.  [App. 98–103.]

Petitioner filed another pro se PCR application, 2008-CP-34-0142, on April 15, 2008 ("Third PCR") [Doc. 28-4], alleging as his grounds for relief:

(a)      Ineffective assistance of counsel because my guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel

(b)      My PCR attorney was ineffective.

3

[*Id.* at 2–3.] As supporting facts, Petitioner argued that his "appointed counsel failed to fully investigate all facts, circumstances surrounding [his] case in that counsel fail[ed] to produce [his] witness, [his] PCR attorney was ineffective," and referenced an attached brief. [*Id.* at 3.] In the attached brief, Petitioner outlined his factual assertions related to his First PCR counsel's purported ineffective assistance. [*Id.* at 6.] On September 19, 2008, a consent order was entered, directing the Marlboro County Clerk of Court to "merge docket number 2008-CP-34-0142 into docket number 2008-CP-34-0089, with file 2008-CP-0089 being the surviving file and all further pleadings bearing docket number 2008-CP-34-0089"; dismissing docket number 2008-CP-34-0142 upon the merger; granting "a belated appeal from the denial of [Petitioner's] first PCR application (2006-CP-34-0417)"; and dismissing the current PCR application, 2008-CP-34-0089. [App. 106.]

On April 10, 2009, LaNelle Cantey Durant filed a writ of certiorari pursuant to *Austin v. State* on Petitioner's behalf. [Doc. 28-5.] The *Austin* petition sought a writ of certiorari from the consent order and raised the following issue:

> Did the PCR court err in not finding trial counsel ineffective for failing to proceed with a trial under the theory of accident or the defense of others since petitioner shot the victim who was beating his brother and petitioner believed the victim had a knife and petitioner said he only meant to hit the victim with the gun to stop him when it accidentally went off?

[*Id.* at 3.] The State made a return to the *Austin* petition on April 24, 2009. [Doc. 28-6.] The Supreme Court granted certiorari from the consent order, dispensed with further briefing, and under *Austin*, conducted a belated review of the denial of Petitioner's First PCR application. [Doc. 28-7 at 1.] The Supreme Court then denied certiorari from the

4

denial of Petitioner's First PCR application [*id.*] and issued remittitur on April 2, 2010 [Doc. 28-8].

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on April 9, 2010 pursuant to 28 U.S.C. § 2254.   [Doc. 1.]   Petitioner raises the following grounds for relief, quoted substantially verbatim:

Ground One:  Ineffective Assistance of Counsel

Supporting Facts:  Trial Counsel was ineffective for failing to proceed with a trial under the theory of accident or the defense of others since petitioner shot the victim who was beating his brother and petitioner believed the victim had a knife and petitioner said he only meant to hit the victim with the gun to stop him when it accidentally went off.  Trial counsel was ineffective for failing to proceed with trial after petitioner told him he didn't intend to kill the victim and when solicitor said that se[ver]al witness[es] would testify that petitioner struck the victim in the head with the gun.

Ground Two:  Involuntary Guilty Plea

Supporting Facts:  My plea was not knowingly and voluntarily made due to coercion of my appointed counsel

[*Id.*]  As previously stated, Respondent filed a motion for summary judgment on October 18, 2010 [Doc. 27], which is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less

stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se Petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

7

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).   Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

8

***Procedural Bar***

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)    (i) there is an absence of available State corrective process; or
>>
>>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

9

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[2] Further, strict time deadlines govern direct appeal and the filing

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state

at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477

12

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).   Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.*

13

at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To pass through this actual innocence standard, the petitioner's case must be truly extraordinary. *Murray*, 477 U.S. at 496.

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

> newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

15

## DISCUSSION

**Statute of Limitations**

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1). Petitioner appears to concede that his Petition was filed outside the one-year limitations period but argues he is entitled to equitable tolling from June 13, 2007, the last date on which Petitioner could serve a notice of appeal to the Supreme Court of South Carolina from the denial and dismissal of his First PCR application, through March 11, 2008, the date Petitioner's Second PCR application was filed requesting a belated appeal.[3] At this procedural posture, the Court is unable to determine whether Petitioner is entitled to equitable tolling.

As previously stated, the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). Petitioner alleges the statutory period should be equitably tolled during the time between his First PCR

---

[3]Respondent concedes Petitioner is entitled to statutory tolling during the time Petitioner's properly-filed PCR applications were pending in state court, from September 18, 2006 through July 2, 2007, and March 11, 2008 through April 2, 2010. Although Respondent uses July 2, 2007 as the last date on which Petitioner could serve a notice of appeal from the denial and dismissal of Petitioner's First PCR application, the Court finds that the last date on which Petitioner could serve such a notice of appeal was June 13, 2007 because the PCR court dismissed the PCR application on May 14, 2007. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 263(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday. When the period of time prescribed or allowed is less than seven (7) days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation."). This date difference does not change Respondent's argument, however, that Petitioner is entitled to statutory tolling only during the time Petitioner's PCR applications were pending in state court. Respondent has provided no argument regarding Petitioner's assertion that he is entitled to equitable tolling.

application and his Second PCR application, which Petitioner's First PCR counsel filed requesting a belated appeal pursuant to *Austin* because counsel failed to file a notice of appeal from the dismissal of Petitioner's First PCR application.  [Doc. 32 at 2.]  Although Petitioner did not include many factual assertions in his response in opposition to Respondent's motion for summary judgment, a review of the record reveals that Petitioner's Third PCR application alleged Petitioner had multiple communications with his First PCR counsel in which counsel informed Petitioner that counsel was waiting on the final order from the First PCR court before filing the appeal and that counsel would keep Petitioner informed.  [Doc. 28-4 at 6.]  Petitioner further alleged he never received a copy of the final order from his First PCR counsel, instead receiving it from the Marlboro County Clerk of Court, and counsel then filed the Second PCR application requesting a belated appeal without Petitioner's knowledge.  [*Id.*]  The Court notes Petitioner's First PCR counsel filed the Second PCR application requesting a belated appeal pursuant to *Austin* [App. 92–97] and signed the consent order agreeing Petitioner was entitled to a belated appeal [App. 104–06], which implies counsel failed to timely file the appeal; therefore, this case may well be an "extraordinary" circumstance warranting equitable tolling pursuant to *Holland*.  However, there remain factual questions regarding Plaintiff's diligence and his counsel's conduct at the time; therefore, the Court is unable to determine whether Petitioner is entitled to equitable tolling.  The Court need not determine, though, whether Petitioner's claim is time-barred because even assuming, without deciding, the Petition is not time-barred, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied on other grounds, as discussed below.

**Exhaustion and Procedural Bar**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence. If not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Respondent acknowledges Petitioner has properly exhausted his available state court remedies with respect to Ground One, ineffective assistance of counsel. [Doc. 28 at 16.] Respondent argues, however, that Ground Two, involuntary guilty plea, is procedurally barred because Petitioner did not properly exhaust his state remedies with respect to Ground Two and any future PCR application would be barred. [*Id*.] The Court agrees that Ground Two is procedurally barred from federal habeas review because Petitioner did not properly present the issue of involuntary guilty plea to the Supreme Court of South Carolina.

Petitioner's petition for writ of certiorari, filed on April 10, 2009, failed to raise a claim that his guilty plea was involuntary. Therefore, Ground Two was not fairly presented to the Supreme Court of South Carolina and is procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews v. Evatt*, 105 F.3d 907.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts

to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Ground Two. Petitioner filed a petition for writ of certiorari in which this issue could have been raised; however, the issue of involuntary guilty plea was not raised, even though another issue was properly raised. Petitioner cannot establish cause and actual prejudice because he abandoned the opportunity to preserve this specific issue. Therefore, the Court recommends that summary judgment be granted as to Ground Two.

**Merits of Remaining Claim—Ground One**

The Court recommends that summary judgment be granted on Petitioner's ineffective assistance of counsel claim for failure to proceed with trial because the First PCR court's decision with respect to this claim was not contrary to clearly established federal law. When evaluating a habeas petition based on a claim of ineffective assistance of counsel, "the question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 131 S. Ct. at 788. In *Strickland v. Washington*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court

cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003).

Here, Petitioner's claim of ineffective assistance of counsel is based on trial counsel's failure to proceed with trial under the theory of accident or defense of others because the victim was beating Petitioner's brother, Petitioner thought the victim had a knife, and Petitioner intended only to hit the victim with the gun but the gun accidentally discharged. The First PCR court found counsel was not ineffective for failing to go to trial, specifically finding the following:

> This Court finds the Applicant and plea counsel thoroughly discussed the facts and evidence in this case, which included potential defenses. This Court finds the Applicant chose to plead guilty with the knowledge that these defenses could be raised at a jury trial. This Court notes the Applicant waived all possible defenses when he pled guilty. This Court further notes the Applicant's contention this death occurred due to an accident or in the course of defending his brother is refuted by the facts.

> This Court finds that, in preparing for this case, plea counsel and the Applicant fully discussed the right to a jury trial. Plea counsel made this representation both at the plea hearing and at the evidentiary hearing. This Court notes the Applicant did state at one point during the plea that he did not understand his right to a jury trial. Immediately before this, however, the Applicant stated he understood this right. The Applicant stated at least twice that he wanted to plead guilty. Based on all of the information before this Court, it is clear the Applicant was aware of his right to a jury trial and chose to waive this right and plead guilty.

20

[Doc. 28-3 at 5 (internal citations omitted).]

Upon a review of the record, the Court finds the PCR court reasonably found Petitioner's trial counsel satisfied the *Strickland* standard, and therefore, the PCR court's decision is not an unreasonable application of federal law.  The PCR court's conclusion is supported by testimony given at both the plea hearing and the PCR hearing.  At the plea hearing, the judge explained to Petitioner that it would be the State's burden to prove Petitioner was guilty, that Petitioner was presumed innocent, and that Petitioner had a right to a jury trial.  [App. 6.]  The judge then asked Petitioner, "Do you understand your right to a jury trial?" and Petitioner responded, "Yes sir."  [*Id.*]  Further, Petitioner stated he was guilty and wanted to plead guilty.  [App. 7–8.]  Moreover, Petitioner's First PCR counsel stated he and Petitioner had reviewed the elements of murder and voluntary manslaughter as well as possible defenses that could be presented at trial.  [App. 23–24.]  When asked whether he understood that he was entering a plea of killing the victim feloniously and intentionally without any legal justification, Petitioner responded, "Yes sir."  [App. 24.]  Therefore, the Court finds the record supports the PCR court's conclusion that Petitioner failed to show his trial counsel provided ineffective assistance by failing to proceed with trial, and the Court recommends that summary judgment be granted as to Ground One.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 19, 2011
Greenville, South Carolina