IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kwame Lilly, | ) | Civil Action No.: 8:10-cv-00875-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.J. Padula, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his [Docket Entry 1] Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on April 5, 2010.[1] Petitioner is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.

On October 18, 2010, Respondent filed his [Docket Entry 27] Motion for Summary Judgment, along with a return and memorandum, [Docket Entry 28]. Because Petitioner is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 22, 2010, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. On November 19, 2010,[2] Petitioner filed his [Docket Entry 32] Response in Opposition to the summary judgment motion.

This matter is now before the court with the [Docket Entry 39] Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin[3] filed on August 19, 2011. In her R & R, the Magistrate Judge "recommends that Respondent's motion for summary judgment be

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266.

[3] This matter was referred to Magistrate Judge Austin pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

granted and the [§ 2254] Petition be denied." R & R at 1. Petitioner timely filed objections to the R & R. *See* Obj. [Docket Entry 47].

## Background

On October 10, 2005, Petitioner, charged with murder, pled guilty to the lesser-included offense of voluntary manslaughter. *See* Appendix ("App.") at 1-31. Petitioner was represented by Douglas Jennings, Jr., Esquire. *Id.* at 1. The trial court sentenced Petitioner to twenty-four years' imprisonment. *Id.* at 29-30, 121-22.

Petitioner did not file a direct appeal. On September 18, 2006, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), 2006-CP-34-0417 ("First PCR"). *See id.* at 32-40. In his First PCR application, Petitioner raised the following ground for relief: "Ineffective assistance of counsel because [his] guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel." *Id.* at 35. The First PCR court construed this statement as raising claims of ineffective assistance of counsel and involuntary guilty plea. *See id.* at 87. As supporting facts, Petitioner alleged the following:

> 1. Ineffective assistance of counsel for failing to raise the fact that alibi witnesses were willing to testify that I did not intentionally cause the victim's death.
>
> 2. My Guilty Plea was illegal because the trial court failed to grant a continuance on my behalf when appointed counsel requested the wrong.
>
> 3. Ineffective assistance because I did not knowingly and voluntarily plead guilty, because I did not have a full understanding of the consequences of the plea.
>
> 4. If it was not for the wrong advice of my lawyer I would not have entered a guilty plea. I would have went to a jury trial.

*Id.* at 34 (internal citations omitted). Petitioner further alleged that "[his] appointed counsel failed to fully investigate all facts and circumstance[s] surrounding [his] case in that counsel failed to

2

produce [his] witnesses." *Id.* at 35.

The State filed its Return to the First PCR application on January 8, 2007. *See id.* at 41-45. The PCR court held an evidentiary hearing on May 14, 2007, at which Petitioner was represented by Charles T. Brooks, Esquire. *Id.* at 47-85. At the hearing, the PCR court heard testimony from both Petitioner and his trial counsel, Mr. Jennings. *Id.* On May 28, 2007, the PCR court denied and dismissed Petitioner's First PCR application. May 28 PCR Order [Docket Entry 28-3] at 7. In doing so, the PCR court found the following:

> [Petitioner] ha[d] not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was [Petitioner] prejudiced by counsel's representation. Furthermore, [Petitioner's] guilty plea was entered knowingly and voluntarily within the mandates of Boykin.

*Id.* at 6.

Petitioner, through his First PCR counsel, filed a second PCR application, 2008-CP-34-089, on March 11, 2008 ("Second PCR"). *See* App. at 92-97. In his Second PCR application, Petitioner raised the following ground: "Ineffective assistance of counsel because [his] guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel." *Id.* at 94. As supporting facts, Petitioner stated that "[his] appointed counsel failed to fully investigate all facts and circumstances surrounding [his] case in that counsel failed to produce [his] witnesses." *Id.* For relief, Petitioner sought "Austin Review; Belated PCR Appeal." *Id.* at 96. The State filed a return to the Second PCR application on April 8, 2008. *Id.* at 98-103.

Petitioner then filed another PCR application, 08-CP-34-142, on April 15, 2008 ("Third PCR"). *See* Third PCR Application [Docket Entry 28-4]. In his Third PCR application, Petitioner raised the following grounds for relief:

> Ineffective assistance of counsel because [his] guilty plea was not knowingly and voluntarily made due to coercion of appointed counsel
>
> My PCR attorney was ineffective[.]

*Id.* at 2-3.  As supporting facts, Petitioner alleged that "[his] appointed counsel failed to fully investigate all facts [and] circumstances surrounding [his] case in that counsel fail[ed] to produce [his] witnesses[;] [his] PCR attorney was ineffective." *Id.* at 3.  Petitioner referenced an attached brief, in which he outlined his factual assertions related to his First PCR counsel's alleged ineffective assistance. *See id.* at 3, 6.

On September 19, 2008, a consent order was entered, in which the presiding State judge directed the Malboro County Clerk of Court to "merge docket number 2008-CP-34-0142 [Third PCR] into docket number 2008-CP-34-0089 [Second PCR], with [the Second PCR] being the surviving file and all further pleadings bearing number 2008-CP-34-0089." App. at 106.  Further, the consent order dismissed the Third PCR application upon merger. *Id.*  Finally, the order granted Petitioner "a belated appeal from the denial of his first PCR application (2006-CP-34-0417)," and dismissed Petitioner's pending Second PCR application. *Id.*

On April 10, 2009, the South Carolina Commission on Indigent Defense filed a petition for a writ of certiorari pursuant to *Austin v State*, 409 S.E.2d 395 (1991), on Petitioner's behalf. *See* Austin Pet. [Docket Entry 28-5].  The *Austin* Petition for Writ raised the following issue:

> Did the PCR court err in not finding trial counsel ineffective for failing to proceed with a trial under the theory of accident or the defense of others since petitioner shot the victim who was beating his brother and petitioner believed the victim had a knife and petitioner said he only meant to hit the victim with the gun to stop him when it accidentally went off?

*Id.* at 3.  The State made a return to the *Austin* Petition for Writ on April 24, 2009. *See* Austin Return

[Docket Entry 28-6]. The South Carolina Supreme Court "grant[ed] the petition for a writ of certiorari . . . , dispense[d] with further briefing, and proceed[ed] with a belated review." March 17 S.C. Order [Docket Entry 28-7] at 1. The Supreme Court then "den[ied] the petition for a writ of certiorari" after considering the entire record. *Id.* Remittitur was issued on April 2, 2010. Remittitur [Docket Entry 28-8].

### Habeas Grounds for Relief

In the present § 2254 Petition, Petitioner raises the following grounds for relief:

**Ground One:**        Ineffective Assistance of Counsel

> **Supporting Facts:**   Trial Counsel was ineffective for failing to proceed with a trial under the theory of accident or the defens[]e of others since petitioner shot the victim who was beating his brother and petitioner believed the victim had a knife and petitioner said he only meant to hit the victim with the gun to stop him when it accidentally went off. Trial counsel was ineffective for failing to proceed with trial after petitioner told him he didn't intend to kill the victim and when solicitor said that several witness would testify that petitioner struck the victim in the head with the gun.

**Ground Two:**        Involuntary Guilty Plea

> **Supporting Facts:**   My plea was not knowingly and voluntarily made due to coercion of my appointed counsel

§ 2254 Petition at 5-6. For relief, Petitioner seeks "a new trial." *Id.* at 14.

### Standard of Review of Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Habeas Corpus Standard

Petitioner brought this action pursuant to 28 U.S.C. § 2254. Section 2254 states in pertinent part that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id* § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s

6

"contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. In order to grant habeas relief under the "unreasonable application" clause, the court must determine that the state court's decision was not only incorrect, but also was "objectively unreasonable." *Id.* at 409-11.

More recently, the Supreme Court has held that "[a] state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, to obtain federal habeas relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786.

**Discussion**

I.     Statute of Limitations

Petitioner's first objection specifically directs the court to page 17 of the R & R and the Magistrate Judge's discussion of the statute of limitations. *See* Obj. at 1-3. In the R & R, the Magistrate Judge concluded that, "[a]t this procedural posture, the Court is unable to determine

whether Petitioner is entitled to equitable tolling." R & R at 16.  Further, the Magistrate Judge more specifically noted that "this case may well be an 'extraordinary' circumstance warranting equitable tolling," but found that "there remain factual questions regarding [Petitioner's] diligence and his counsel's conduct at the time; therefore, the Court is unable to determine whether Petitioner is entitled to equitable tolling." R & R at 17.  In his Objections, Petitioner asks the court to grant a "hearing for resolution of the questions left open by [the] magistrate." Obj. at 3.  The court overrules the objection and finds that such a hearing would be unnecessary.  While Petitioner is correct in stating that the Magistrate Judge could not determine at this posture the appropriateness of equitable tolling, she did go on to hold the following: "The Court need not determine, though, whether Petitioner's claim is time-barred because *even assuming, without deciding, the Petition is not time-barred, . . . Respondent's motion for summary judgment [should] be granted and the Petition [should] be denied on other grounds*." R & R at 17 (emphasis added).  Thus, the Magistrate Judge already has given Petitioner the benefit of assuming that his § 2254 Petition was timely-filed.  Moreover, because the undersigned, after conducting the required *de novo* review, ultimately adopts the above recommendation of the Magistrate Judge and dismisses the § 2254 Petition for the other reasons stated by the Magistrate Judge and in this Order, the court need not determine whether the § 2254 Petition is in fact timely or untimely.  Accordingly, Petitioner's first objection is overruled.[4]

---

[4] Upon review of his first objection, the court notes that Petitioner more than once asserts that his PCR counsel was ineffective for failing to timely file a notice of appeal. *See* Obj. at 1-3.  However, to the extent that Petitioner is attempting to now assert a claim for ineffective assistance of PCR counsel, that claim fails.  First, and most importantly, Petitioner did not raise ineffective assistance of PCR counsel as a ground for relief in his § 2254 Petition, nor has he moved to amend his Petition to include such a claim.  Similarly, it does not appear that Petitioner has exhausted the claim.  Second, even if Petitioner had included an ineffective assistance of PCR counsel claim in his § 2254 Petition, such a claim is not cognizable under § 2254. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (collecting cases holding that errors in a state PCR proceeding "cannot serve as a basis for federal *habeas corpus* relief").  Section 2254(i) now specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section

II.     Procedural Bar

In Ground Two, Petitioner asserts that his guilty plea was involuntary due to coercion by his trial counsel. Respondent argues and the Magistrate Judge concluded that "Ground Two [was] procedurally barred from federal habeas review because Petitioner did not properly present the issue of involuntary guilty plea to the Supreme Court of South Carolina." R & R at 18. Further, the Magistrate Judge concluded that "Petitioner [had] fail[ed] to articulate cause for procedurally defaulting on Ground Two." *Id.* at 19. After conducting a *de novo* review of the entire record and Petitioner's objections, the undersigned agrees.

"[A] claim will be defaulted if a state court has expressly found that review is barred by an adequate and independent state procedural rule, *see Ashe v. Styles*, 39 F.3d 80, 85 (4th Cir.1994), or if the claim was not presented to all appropriate state courts and an adequate and independent state procedural rule would now bar review, *see Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir.2000), cert. denied 530 U.S. 1285, 121 S.Ct. 1, 147 L.Ed.2d 1026 (2000)." *Strickland v. Lee*, 471 F. Supp. 2d 557, 567 (W.D.N.C. 2007). "A state procedural rule is adequate if it is regularly or consistently applied by the state courts, and it is independent if it does not depend on a federal constitutional ruling." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (internal citations omitted). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

---

2254."

Here, Petitioner did not file a direct appeal of his conviction and sentence. Further, while Petitioner did file an appeal of the dismissal of his First PCR action, he failed to raise his claim of involuntary guilty plea in that Petition for a Writ of Certiorari filed with the Supreme Court of South Carolina. *See Austin* Pet. at 3.[5] Thus, the court concludes that Petitioner never properly presented his involuntary guilty plea claim to the South Carolina Supreme Court and has therefore procedurally defaulted that claim in state court.

Moreover, Petitioner has not shown sufficient cause and prejudice to overcome this default. Petitioner has not alleged or shown "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Rather, Petitioner actually filed a petition for a writ of certiorari with the South Carolina Supreme Court in which the involuntary guilty plea issue could have been raised; however, Petitioner failed to include his involuntary guilty plea claim in that petition, even though his ineffective assistance claim was properly raised. In addition, to the extent Petitioner, in his objections, appears to assert ineffective assistance of PCR counsel as "cause," *see* Obj. at 5, any alleged error by his PCR counsel is insufficient to serve as cause to excuse his default as Petitioner does not have a constitutional right to PCR counsel. *See Coleman*, 501 U.S. at 753-55; *see also Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997) ("[I]n order to constitute cause, attorney error must amount to constitutionally ineffective assistance of counsel and . . . this standard c[an] not be satisfied in the absence of a constitutional right to counsel."). Similarly, Petitioner has not met his burden in establishing actual innocence as a miscarriage of justice. *See Schlup v. Delo*, 513

---

[5] The court does note, as did the Magistrate Judge, that Petitioner did properly exhaust his state court remedies with respect to Ground One–Ineffective Assistance of Counsel–and Respondent acknowledges that exhaustion. *See* Return and Memo. in Supp. [Docket Entry 28] at 16.

10

U.S. 298, 324 (1995) (holding that to prove actual innocence, a petitioner "must support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial"). Accordingly, because Petitioner has not shown sufficient cause and prejudice, or a fundamental miscarriage of justice, to overcome his default in state court, his involuntary guilty plea claim is procedurally barred from consideration by this court. Therefore, the undersigned adopts the Magistrate Judge's recommendation "that summary judgment be granted as to Ground Two." R & R at 19.

III.    Ineffective Assistance of Counsel

In Ground One, Petitioner asserts that his trial counsel provided ineffective assistance by failing to proceed to trial under the theory of accident or defense of others because the victim was beating his brother. Petitioner contends that he told his trial counsel that he thought the victim had a knife, and that Petitioner intended only to hit the victim with the gun but the gun accidentally discharged.

On federal habeas review of an ineffective assistance claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785. Claims of ineffective assistance of counsel are reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show that the performance of counsel was deficient or "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* In meeting the second prong, a petitioner must show prejudice, in other words, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where a defendant challenges a guilty plea based on ineffective assistance of counsel, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The Supreme Court has cautioned that "the *Strickland* standard must be applied with scrupulous care," and that "[e]ven under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington*, 131 S. Ct. at 788. When evaluating a claim under *Strickland* on federal habeas review, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Upon review of the entire record, the court agrees with the Magistrate Judge that "summary judgment [should] be granted on Petitioner's ineffective assistance claim for failure to proceed with trial." R & R at 20. The First PCR court determined that Petitioner's trial counsel was not ineffective for failing to go to trial, specifically finding as follows:

> Regarding [Petitioner's] claims of ineffective assistance of counsel, this Court finds [Petitioner] has failed to meet his burden of proof. This Court finds [Petitioner's] testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with [Petitioner], conducted a proper investigation, and was thoroughly competent in his representation.
>
> . . . .
>
> This Court finds [Petitioner] and plea counsel thoroughly discussed the facts and evidence in this case, which included potential defenses. This Court finds [Petitioner] chose to plead guilty with the knowledge that these defenses could be raised at a jury trial. This Court notes [Petitioner] waived all possible defenses when he pled guilty. This Court further notes [Petitioner's] contention this death occurred due to an accident or in the course of defending his brother is refuted by the facts.
>
> This Court finds that, in preparing for this case, plea counsel and [Petitioner]

> fully discussed the right to a jury trial. Plea counsel made this representation both at the plea hearing and at the evidentiary hearing. . . . [Petitioner] stated at least twice that he wanted to plead guilty. Based on all of the information before this Court, it is clear [Petitioner] was aware of his right to a jury trial and chose to waive this right and plead guilty.

App. at 88-89 (internal citations omitted). The PCR court ultimately concluded that Petitioner had failed to prove either prong under *Strickland*, and thus "ha[d] not met his burden of proving counsel failed to render reasonably effective assistance." *Id.* at 90.

The undersigned concludes, as did the Magistrate Judge, that the PCR court's determination is supported by testimony given at both the plea hearing and the PCR hearing. Petitioner's trial counsel stated at the plea hearing that he had gone over with Petitioner the elements of the crimes charged and possible defenses. *See* App. at 23-24. More specifically, trial counsel testified at the PCR hearing that, prior to the guilty plea, he and Petitioner "went over all [the] facts, all the evidence, and all the possible defenses," *id.* at 73, and discussed "at length the law of the defense of another, the law of self-defense and the law of accident," *id.* at 71. The PCR court determined trial counsel's testimony to be credible, and that determination is entitled to deference by this court and is fully supported by the entire record, including the guilty plea and PCR court transcripts. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence."); *see also Williams v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ("Credibility determinations . . . are factual determinations. As such, they are presumed to be correct . . . ." (internal quotations omitted)). In addition, at the plea hearing, the trial judge thoroughly explained to Petitioner that it would be the state's burden to prove he was guilty, that he was presumed innocent, and that Petitioner had a right to a jury trial. Thereafter, when the trial judge asked Petitioner, "Do you understand your right to

a jury trial?," Petitioner answered, "Yes sir." App. at 6. Further, more than once, Petitioner stated that he wanted to plead guilty and that he was, in fact, guilty. *See id.* at 7. Finally, after his trial counsel had set forth for mitigation purposes Petitioner's version of the facts and defenses they would have raised if the case had proceeded to trial, *see id.* at 21-24, the trial court asked Petitioner if he understood that he was pleading guilty to "feloniously and intentionally" killing the victim "without any legal justification," and Petitioner responded, "Yes sir." *Id.* at 24. While Petitioner now argues that counsel should have proceeded to trial under the theory of accident or defense of others, the record supports a finding that Petitioner was aware of those possible defenses, the facts alleged by the state, and the elements of the crimes charged prior to making the decision to plead guilty to the lesser-included offense of voluntary manslaughter.[6] Thus, the court concludes that Petitioner has failed to show that the state court's determination of his ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. Accordingly, summary judgment is granted as to Ground One.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of

---

[6] According to Petitioner's trial counsel at the PCR hearing, the basic facts of the killing are as follows: Petitioner's brother got into a fight with the victim, Petitioner maintains that he thought the victim had a pocket-knife, Petitioner picked up a hand-gun that had been placed on the ground by Petitioner's brother, then hit the victim in the back of the head with the gun and the gun discharged killing the victim. *See* App. at 72; *see also id.* at 11-12, 14-15 (state's presentation of facts at guilty plea hearing). According to both the state and Petitioner's trial counsel, no pocket-knife was ever found. Trial counsel testified at the PCR hearing that he explained to Petitioner that he "thought . . . there was a likelihood that the jury could find [Petitioner] guilty of murder under these circumstances." *Id.* at 73. To any extent that Petitioner is now asserting that this opinion constituted ineffective assistance, the court finds that Petitioner has failed to show that this advice or opinion "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Regardless, as stated above, the record supports a finding that Petitioner was fully aware of these alleged facts that were placed on the record during his guilty plea hearing, as well as his possible defenses, at the time he chose to plead guilty.

14

a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claim is debatable or wrong and/or by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

## Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law.  The court has conducted a *de novo* review of all of Petitioner's objections and finds no merit in them.  For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the R & R of the Magistrate Judge.  Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and the § 2254 Petition is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

Florence, South Carolina
September 23, 2011